NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMANPREET SINGH,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>JEFFREY A. ROSEN, Acting Attorney General,<br><br>　　　　　　Respondent. | No.　18-72835<br><br>Agency No. A209-156-986<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2020
Portland, Oregon

Before:　PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,[**] District Judge.
Dissent by Judge RAWLINSON

　　　Amanpreet Singh petitions for review of the Board of Immigration Appeals

("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his

application for asylum, withholding of removal, and CAT relief.　The only issue

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

we must consider is whether the IJ's adverse credibility determination is supported by substantial evidence. We have jurisdiction under 8 U.S.C. § 1252, and we review findings of fact for substantial evidence and questions of law de novo. *See Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We grant the petition and remand for further proceedings.

The IJ found Singh not credible for three reasons, all of which were affirmed by the BIA. None of them, however, are supported by substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (recognizing that an IJ must consider the totality of the circumstances and "provide 'specific and cogent reasons' in support of an adverse credibility determination.").

First, the IJ found a discrepancy between Singh's testimony, during which he described having been beaten by police, and a summary of his prior credible fear interview, which mentioned imprisonment and threats from police, but not a beating. The omissions from Singh's credible fear interview were likely the result of imprecise questioning by the asylum officer. Singh's interview answers were responsive to the questions that the interviewer asked; he testified that he had been beaten by the opposition parties, stated at his credible fear interview that the police

2

were members of those parties, and was only asked at his credible fear interview whether he had been harmed by police "[a]side from the Badal and BJP party members." Furthermore, as we have recognized, "[i]t is well established that the mere omission of details is insufficient to uphold an adverse credibility finding." *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014) (internal quotation marks omitted).

Second, the IJ found it suspicious that Singh obtained a passport several months before he was ever beaten. Singh, however, made no representation that he intended to leave the country prior to being beaten. An adverse credibility determination cannot be based upon speculation or conjecture. *Chawla v. Holder*, 599 F.3d 998, 1004 (9th Cir. 2010).

Third, the IJ viewed a letter from a treating physician as evidence of a premeditated asylum scheme because (1) Singh's father obtained the letter three weeks after Singh was treated and (2) the letter listed only certain classes of medicine, rather than specific names of medicines. When asked why his father would have obtained the letter before Singh ever left India, Singh responded that his father may have obtained the letter because he wished to keep records of Singh's medical treatment, about which there is nothing inherently suspect. Singh having offered a "reasonable and plausible explanation" for why his father obtained the medical records, the IJ's speculation does not provide substantial

evidence to support this ground for finding Singh not credible. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Nor did the IJ provide any cogent explanation why the doctor's lack of detail as to the specific medicines prescribed undermines Singh's credibility.

Because substantial evidence does not support the agency's adverse credibility determination, we grant the petition for review and remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED AND REMANDED.**

**_Singh v. Barr_, Case No. 18-72835**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent from the majority's conclusion that the adverse credibility determination made by the agency was not supported by substantial evidence. The majority's conclusion does not comport with the governing standard of review.

We review an adverse credibility determination for substantial evidence. _See Iman v. Barr_, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this stringent standard, an adverse credibility determination can be overturned only if "any reasonable adjudicator would be compelled to conclude to the contrary." _Id._ (citation omitted). We have repeatedly recognized that "only the most extraordinary circumstances will justify overturning an adverse credibility determination." _Id._ (quoting _Jin v. Holder_, 748 F.3d 959, 964 (9th Cir. 2014) and _Shrestha v. Holder_, 590 F.3d 1034, 1041 (9th Cir. 2010)). In addition, even one discrepancy suffices as a basis for an adverse credibility determination. _See Rizk v. Holder_, 629 F.3d 1083, 1087 (9th Cir. 2011) (explaining that "[w]e must uphold the IJ's adverse credibility determination so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim of persecution") (citation, alterations, footnote reference, and internal quotation marks

1

omitted).

This case does not present an extraordinary circumstance warranting reversal of the adverse credibility determination. The agency relied on the following matters to support the adverse credibility determination:

1.      Petitioner Amanpreet Singh's failure to mention during his credible fear interview that he and his father were beaten by the police even though he was "specifically asked if he had ever suffered any mistreatment or feared suffering any mistreatment at the hands of authorities in India, including the police." Singh confirmed the summary that was provided at the end of the credible fear interview, with no mention of beatings by the police. We have consistently upheld adverse credibility determinations under this circumstance—when an individual seeking asylum makes no mention of harm that he later offers as evidence of persecution. *See e.g., Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004) (observing that "[t]he IJ could reasonably conclude that there is a valid discrepancy between the airport interview and [Petitioner's later] testimony"). No reasonable adjudicator would be compelled to reach a contrary conclusion regarding Singh's testimony in this case.

2.      The implausibility of Singh obtaining a passport one year prior to the assaults he relied on to support his persecution claim, when he initially testified that he obtained the passport in 2016 to leave India. It would be reasonable for the

2

Immigration Judge (IJ) to infer that Singh recognized the implausibility of his obtaining a passport before the asserted assaults, hence the initial statement regarding the date of the passport. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (explaining that adverse credibility findings may be supported on the basis of implausibility).

3.    The implausible explanation provided by Singh for obtaining his medical record prior to leaving India. Initially, Singh testified that his father obtained a "hospital letter" and sent it to him in the United States. However, when the IJ pointed out that the letter was dated prior to Singh's departure from India, when he assertedly had no plans to leave the country, Singh changed his story to state that he needed the letter for his records "if in the future [he] need[ed] the medicine again." However, the problem with that explanation was that the letter did not mention any medicines Singh received. Rather, the letter only referenced generally "antibiotics, analgesics, [and] PPIs." The IJ was not required to accept Singh's inconsistent testimony and implausible explanation. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). If we were reviewing *de novo*, perhaps we would reach a different conclusion. However, reviewing for substantial evidence, we cannot say on this record that a contrary conclusion is compelled.

I would deny the petition for review.

3